UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALAAL ABDULLAH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KELLY SANTORO, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00572-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS AND LOCAL RULES<br><br>(Doc. 10)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Jalaal Abdullah ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint in the Central District of California on April 15, 2024. (Doc. 1). The action was transferred to this Court on May 14, 2024. (Docs. 5, 6).

On May 22, 2025, the Court entered the first screening order, finding the complaint fails to state a cognizable claim against Defendant M. Ayala for violation of the First Amendment based on the Free Exercise Clause and fails to state any cognizable claim against any other named Defendants. (Doc. 10 at 26). Because the Court found that Plaintiff may be able to cure the identified deficiencies of his complaint, Plaintiff was granted leave to amend his complaint. *Id*. Plaintiff was provided 21 days from entry of the order to file any amended complaint and was forewarned that "**[i]f Plaintiff fails to timely comply with this order, the Court will recommend that this action be dismissed for failure to state a claim, failure to obey a court order and/or failure to prosecute**." *Id.* at 27.

Following service upon Plaintiff, on June 9, 2025, the screening order was returned as undeliverable with the docket indicating Plaintiff was released. *See* Dkt. 06/09/2025. The California Incarcerated Records and Information Search tool produced no results using Plaintiff's first and last name and/or CDCR number, confirming Plaintiff is no longer in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff has not filed a notice of change of address.

Plaintiff has failed to keep the Court apprised of his current address. Therefore, the undersigned will recommend that this action be dismissed without prejudice for Plaintiff's failure to obey a court order and to prosecute the action.

**Governing Authority**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Local Rule 182(f). Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and

2

opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Local Rule 183(b) (emphasis omitted).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address and therefore has failed comply with the Court's orders and Local Rules. According to the Court's docket, Plaintiff's address of record is "BT-1319 California Substance Abuse Treatment Facility (5244), P.O. Box 5244, Corcoran, CA 93212." All orders issued by the Court since this case was transferred from the Central District of California on May 14, 2024 (Doc. 6), have been served at that address. On June 9, 2025, mail directed to Plaintiff was returned to the Court marked "Undeliverable," "Not at CSATF/ SP Corcoran," "Inactive, Released, Unable to Forward," and "Return to Sender." A recent search of the CDCR's California Incarcerated Records and Information Search (CIRIS) tool using Plaintiff's full name and CDCR number revealed "No Results."[1] Because Plaintiff has failed keep the Court apprised of his current address, this action is subject to dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

---

[1] https://ciris.mt.cdcr.ca.gov/results?lastName=Abdullah&firstName=Jalaal; https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=BT1319 (last accessed 7/16/2025).

1       The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and keep the Court apprised of his current address such that he is able to receive the first screening order and take action as ordered therein. The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action since at least June 9, 2025, when mail directed to Plaintiff was returned to the Court as undeliverable. Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders and the Local Rules and, thus, is impeding the progress of this action. More than 30 days have passed since the USPS returned the screening order marked undeliverable, yet Plaintiff has failed to file a notice of change of address in compliance with Local Rule 183(b). Therefore, the fourth factor—the public policy favoring disposition of cases on their merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued May 14, 2024, Plaintiff was advised that failure to comply with the Federal Rules of Civil Procedure and this Court's Local Rules "will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 7 at 1). That Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed

4

received even if not actually received. … If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absence a notice of change of address. If a pro se plaintiff's address is not updated within sixty-three days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute." (*Id*. at 5.)[2] However, as of January 1, 2025, Local Rule 183(b) provides that a change of address must be filed within 30 days.[3] The undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules or failure to update his address. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of the action is warranted.

*Remainder of This Page Intentionally Left Blank*

---

[2] A blank "Notice of Change of Address" form was also provided for Plaintiff's use. *See* (Doc. 7 at 7).

[3] The Local Rules state: "These Local Rules are effective on December 1, 2009, and shall govern all actions then pending or commenced thereafter." *See* Local Rule 100(e). Further, the Local Rules provide: "Immediately upon the adoption of these Rules *or any change in these Rules*, copies of the new and revised Rules shall be provided to such publications and persons as the Chief Judge deems appropriate. The Clerk shall promptly notify … *other law libraries maintained by the State* [like state prison law libraries] … in the Eastern District of California. Copies shall be distributed in a manner calculated to ensure maximum notification to those practicing in the Eastern District of California. A notice shall be posted prominently in the Clerk's Offices and on the Court's website." *See* Local Rule 102(c) (emphasis added).

**Conclusion, Order, and Recommendation**

For the foregoing reasons, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action and **RECOMMENDS** that:

1. The Court DISMISS this action without prejudice for Plaintiff's failure to obey the Local Rules and to prosecute this action.

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**July 17, 2025**__                              _____
                                                           UNITED STATES MAGISTRATE JUDGE